UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Shamona Alexandra Cunningham,
*individually and on behalf of others similarly situated,*

                                Plaintiff,

-against-

Brian Medenwaldt, and
AIRBNB, Inc.
                                Defendants.

Case: 21-cv-3391

JURY DEMAND REQUESTED
COMPLAINT

Plaintiff Shamona Alexandra Cunningham ("Cunningham"), individually and on behalf of others similarly situated, by and through her attorney, Tyrone Blackburn Esq, upon her knowledge and belief, and as against Defendants Airbnb, Inc. ("Airbnb") and Brian Medenwaldt ("Medenwaldt") alleges as follows:

### NATURE OF ACTION

1. Defendant Airbnb, Inc., is a hospitality company that facilitates vacation rentals between homeowners and those looking for an alternative to a traditional hotel stay while visiting a foreign city through its website and brand name "Airbnb." On that website, Airbnb holds itself out as a "global travel community" where "hosts truly care." According to their Trust & Safety webpage, "[customers' safety] is [their] priority".[1] As such, Airbnb promises that "[e]very Airbnb reservation is scored for risk before it's confirmed," thus, "flag[ing] and investigat[ing] suspicious activity before it happens."

2. Plaintiff is a model who sought a place to stay while working in New York City. Relying on Airbnb's promises on its website concerning security and privacy, Plaintiff found an apartment in New York City owned by Medenwaldt on the Airbnb website and booked that apartment for five days. Unfortunately, unbeknownst to Plaintiff, Medenwaldt's apartment contained a surreptitiously placed audio and video camera powered on and positioned to capture the living room and parts of the master bedroom. Such surreptitious recording violates New York state and federal laws, rules, and regulations.

---

[1] https://www.Airbnb.com/trust

3. Airbnb, which only provides inspections if the unit owners pay for it, never made Plaintiff aware of this surreptitiously placed camera. Nor did Medenwaldt ever make Plaintiff aware of this surreptitiously placed camera that he left powered on and capable of capturing audio and video recordings.

4. Instead, Plaintiff only found the hidden camera after two days and nights of staying in the apartment. In other words, through Airbnb's gross negligence, Plaintiff was exposed to two days wherein her private moments – including moments dressing and undressing, walking the apartment in her underwear, entering and exiting the living room – as well as engaging in private and intimate conversations, were captured by video and audio recording.

5. Based on the preceding, and as alleged in more detail below, Plaintiff brings this action to seek redress and damages for Defendant Medenwaldt's wanton, unlawful conduct, as well as for Defendant Airbnb's grossly negligent, unlawful conduct. Plaintiff also seeks to hold Airbnb responsible for the false and misleading statements that Airbnb makes on its website to market its services to consumers.

**JURISDICTION AND VENUE**

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) based on the diversity of the parties to this civil action wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7. Additionally, this Court has original jurisdiction over this action under 28 U.S.C. § 1331 based on Plaintiff alleging a violation of 18 U.S.C. § 2511.

8. The venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this District.

*Plaintiff*

9. Plaintiff Cunningham is a natural person with a home located in the state of Virginia.

*Defendants*

10. Defendant Airbnb is a hospitality company organized under the United States laws, with a registered office address at 888 Brannan St, San Francisco, CA 94103. On information and belief, Airbnb conducts business in New York State and maintains offices at 627 Broadway, New York, NY 10012.

11. Defendant Brian Medenwaldt is a natural person with a home address at 193 Quincy Street, Apt 3F Brooklyn, NY 11216.

## FACTUAL ALLEGATIONS
### AIRBNB's Promises

12. Defendant Airbnb was founded in San Francisco in 2008 to provide a service to the public for financial remuneration whereby Airbnb connects to home or apartment owners around the world with third parties intending to rent those properties.

13. Under its terms of service, Airbnb offers a platform that enables members to publish, offer, search for, and book properties. In addition, Airbnb maintains a website whereby prospective renters may view available properties. The prospective renters then use the Airbnb website to select a home and complete the booking.

14. While anyone can publish a listing on their website, Airbnb guarantees that "every Airbnb reservation is scored for risk before it's confirmed." As such, Airbnb uses "predictive analytics and machine learning to instantly evaluate hundreds of signals that help [them] flag and investigate suspicious activity before it happens.[2]"

15. Airbnb also developed "community standards" to help guide behavior and codify the values of Airbnb.[3] These "community standards" include specific guidelines that require hosts to disclose the presence of security cameras and other recording devices to the guest. If disclosure occurs after the booking, Airbnb allows the guest to cancel the booking and get refunded.[4] Airbnb promises to enforce any violation of its community standards.

### Brian Medenwaldt Enjoys Sex Cams

16. On February 22, 2012, through his social media page, Medenwaldt liked "CAM4: Free Live Sex Cams | Worlds Largest Live Porn Site![5]"

17. According to the description on CAM4: Free Live Sex Cams: "This website provides access to sexually explicit material, information, opinion, links, images, and videos (collectively, the "Sexually Explicit Material").

---

[2] https://www.Airbnb.com/trust
[3] https://www.Airbnb.com/trust/standards
[4] https://www.Airbnb.com/help/article/887/what-are-Airbnbs-rules-about-security-cameras-and-other-recording-devices-in-listings
[5] *See* Exhibit A, Photo of Medenwaldt's liked "CAM4: Free Live Sex Cams | Worlds Largest Live Porn Site!"

18. Upon information and belief, it is evident from his social media preferences that Medenwaldt installed hidden cameras into his Airbnb listing to record the sexual activities of tenants who rent his apartment.

### The Booking

19. On October 20, 2020, Plaintiff used the Airbnb website to book Medenwaldt's apartment, located in the Bedford-Stuyvesant neighborhood of Brooklyn (the "Apartment"), for a trip that was to last from October 21, 2020, through October 25, 2020.
20. As per Airbnb policy and practice, no written agreement exists directly between Plaintiff and the homeowners. Instead, the rental of the property was conducted entirely through Airbnb.
21. Thus, the booking and payment of the property were made by Plaintiff solely through the Airbnb platform.
22. As such, Plaintiff became the lawful occupant of the apartment for the defined rental period.
23. As the entity in full or joint control of the Apartment leasing process, Airbnb owed Plaintiff a duty to exercise reasonable care under the circumstances to avoid causing personal injury.
24. After booking the Apartment, Plaintiff was sent a welcome kit. The welcome kit contained a listing of the apartment's amenities and rules. However, the welcome kit did not mention that the apartment contained any video or audio recording equipment.
25. At no time did Airbnb inform Plaintiff that a video "webcam" was located in a room of Medenwaldts small one-bedroom/studio Apartment, or that any such webcam was powered on and capable of capturing video and audio recordings of Plaintiff.
26. At no time did Medenwaldt inform Plaintiff that a video "webcam" was located in any room of Medenwaldts small one-bedroom/studio Apartment or that any such webcam was powered on and capable of capturing video and audio recordings of Plaintiff.

### The Stay

27. Plaintiff arrived at the apartment for her stay on October 21, 2020. Upon arrival, she retrieved the keys placed in a black lockbox in front of the apartment.
28. Plaintiff did not notice the presence of any webcam video and audio recording device.

29. On or about October 23, 2020, after Plaintiff had stayed in the apartment for two nights, she discovered a hidden camera/recording device[6] disguised as a cellphone charger recording her every move. The recording device was located in the living room area of the one-bedroom studio apartment. Therefore, Plaintiff concluded that the webcam was powered on, fully operational, and recording.

30. The camera was hidden in the wall, where it was difficult to detect on casual inspection. Indeed, Plaintiff did not detect the camera for two days, despite looking at the wall on several occasions.

31. Moreover, there was no wiring for the camera. The camera was smaller than a pinhole and disguised to look like the base for a charger. This item was purchased by defendant Medenwaldt due to its discreetness because it did not have any wires and was not visible absent a close inspection.

32. From its placement inside the apartment, the webcam commanded a view of the living room and the entry to the master bedroom.

33. As a lawful occupant of the Apartment, Plaintiff had a reasonable expectation of privacy in these areas of the apartment. She had occupied these portions of the apartment for two days and had used these portions of the apartment to dress and undress. Moreover, Plaintiff engaged in private and intimate conversations while in these locations. Plaintiff performed these activities in full view of the webcam, while the webcam was powered on and, on information and belief, captured video and audio recordings of Plaintiff.

34. In New York State, it is unlawful to engage in surreptitious video surveillance for amusement or sexual gratification in any place where a party has a reasonable expectation of privacy under New York Penal Law § 250.45.

35. Moreover, in New York State, it is unlawful to install or maintain a camera or other instrument that can be used to surreptitiously observe a person in a bedroom or other room assigned to guests in a rented room under G.B.L. § 395-b.

36. Under federal law, it is unlawful to intentionally intercept a party's oral communications without that party's consent under 18 U.S.C. § 119.

37. Due to this sick, disgusting, disturbing, and selfish act, Plaintiff is now suffering from severe depression and Post Traumatic Stress Disorder. As a result, she is paranoid about staying

---

[6] *See* Exhibit B, Photo of hidden camera/recording device.

anywhere that is not her home or a home of a close, trusted friend or family member. As a result, she has lost several lucrative modeling opportunities because she does not have trusted friends or family in those locations.

38. Since the violation of her privacy by Mendenwaldt, Plaintiff has not stayed in an Airbnb rental or any other comparable hospitality company.

**Defendants' Response**

39. On or about October 23, 2020, Plaintiff immediately informed law enforcement and Airbnb after discovering the recording device.

40. In response, Airbnb was slow to act. Airbnb failed to take Ms. Cunningham's complaint seriously and allowed Mendenwaldt's illegal[7] listing to remain active on its website for several days.

**COUNT I**
**Negligence**
**(against Airbnb)**

41. Plaintiff repeats and realleges every allegation set forth above as though fully set forth herein.

42. Airbnb created a business enterprise whereby it leases, offers to lease, places for rent, solicits listings of places for rent, solicits prospective tenants, and collects rent from real property in exchange for financial remuneration.

43. Airbnb's business enterprise depends on bringing two or more parties together to lease a particular piece of property.

44. The affirmative act by Airbnb of bringing lessors and lessees of real property together through its internet portal places upon Airbnb an obligation of ordinary care.

45. In failing to engage in proper investigation and vetting of lessors before allowing them to post their property on its internet portal, and failing to properly inspect the property and make Plaintiff aware of the surveillance equipment therein, Airbnb created and continues to create a foreseeable risk of harm to parties such as Plaintiff who rely upon Airbnbs promises that:

   a. "[Customers'] safety is their priority;"
   b. "[e]very Airbnb reservation is scored for risk before it's confirmed;"

---

[7] Medenwaldt's listing was illegal. Under NYC/S Multiple Dwelling Law, renting an apartment to someone for less than 30 days is illegal if the dwelling owner is not also in space/building with the tenant.

c. AIRBNB is "always working to make sure that [the community standards are] upheld and enforced;"

d. they will highlight any such recording device on the listing for each of its properties and make sure that the renter is aware of any such device when booking.

46. In this instance, Airbnb, upon information and belief, conducted no or an inadequate background investigation of the owner of the apartment (a simple google search would have led Airbnb to learn that Medenwaldt enjoys "Live Sex Cams") and engaged in no reasonable or an inadequate investigation and vetting of the apartment before posting the property for rent upon its internet portal. Nor did Airbnb make a reasonable effort to ensure that Plaintiff was aware of the surveillance equipment placed around the apartment.

47. Such failure created a foreseeable risk of harm for Plaintiff, and Plaintiff was subject to a hostile, intimidating, and humiliating environment during her stay at the apartment because Plaintiff was subjected to surreptitious video and audio surveillance.

48. For these reasons, Airbnb breached its obligation of ordinary care.

49. As a direct and proximate result of Airbnb's breaches, Plaintiff has suffered damages including but not limited to humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages. Accordingly, Ms. Cunningham is entitled to the maximum monetary damages and penalties available by law, as well as costs and reasonable attorney fees, the sum of which shall be determined by Jury Trial.

## COUNT II
### Negligent Infliction of Emotional Distress
### (against Defendant Airbnb)

50. Plaintiff repeats and realleges every allegation set forth above as though fully set forth herein.

51. Airbnb created a business enterprise whereby it leases, offers to lease, places for rent, solicits listings of places for rent, solicits prospective tenants, and collects rent from real property in exchange for financial remuneration.

52. Airbnb's business enterprise depends on bringing two or more parties together to lease a particular piece of property.

53. The affirmative act by Airbnb of bringing lessors and lessees of real property together through its internet portal places upon Airbnb an obligation of ordinary care.

54. In failing to engage in proper investigation and vetting of lessors before allowing them to post their property on its internet portal, and failing to properly inspect the property and make Plaintiff aware of the surveillance equipment therein, Airbnb created and continues to create a foreseeable risk of harm to parties such as Plaintiff who rely upon Airbnb's promises that it:
    a. "[Customers'] safety is their priority;"
    b. "[e]very Airbnb reservation is scored for risk before it's confirmed;"
    c. Airbnb is "always working to make sure that [the community standards are] upheld and enforced;"
    d. they will highlight any such recording device on the listing for each of its properties and make sure that the renter is aware of any such device when booking.
55. In this instance, Airbnb, upon information and belief, conducted no or an inadequate background investigation of the owner of the apartment (a simple google search would have led Airbnb to learn that Medenwaldt enjoys "Live Sex Cams") and engaged in no reasonable or an inadequate investigation and vetting of the apartment before posting the property for rent upon its internet portal. Nor did Airbnb make a reasonable effort to ensure that Plaintiff was aware of the surveillance equipment placed around the apartment.
56. Such failure created a foreseeable risk of harm for Plaintiff, and Plaintiff was subject to a hostile, intimidating, and humiliating environment during her stay at the apartment because Plaintiff was subjected to surreptitious video and audio surveillance.
57. For these reasons, Airbnb breached its obligation of ordinary care.
58. As a direct and proximate result of Airbnb's breaches, Plaintiff has suffered damages including but not limited to humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages. Accordingly, Ms. Cunningham is entitled to the maximum monetary damages and penalties available by law, as well as costs and reasonable attorney fees, the sum of which shall be determined by Jury Trial.

## COUNT III
### Reckless Infliction of Emotional Distress
### (against Defendant Airbnb)

59. Plaintiff repeats and realleges every allegation set forth above as though fully set forth herein.

60. Airbnb created a business enterprise whereby it leases, offers to lease, places for rent, solicits listings of places for rent, solicits prospective tenants, and collects rent from real property in exchange for financial remuneration.

61. Airbnb's business enterprise depends on bringing two or more parties together to lease a particular piece of property.

62. In failing to engage in proper investigation and vetting of lessors before allowing them to post their property on its internet portal, and failing to properly inspect the property and make Plaintiff aware of the surveillance equipment therein, Airbnb created and continues to create a foreseeable risk of harm to parties such as Plaintiff who rely upon Airbnb's promises that it:
    a. "[Customers'] safety is their priority;"
    b. "[e]very Airbnb reservation is scored for risk before it's confirmed;"
    c. Airbnb is "always working to make sure that [the community standards are] upheld and enforced;"
    d. they will highlight any such recording device on the listing for each of its properties and make sure that the renter is aware of any such device when booking.

63. In this instance, Airbnb, upon information and belief, conducted no or an inadequate background investigation of the owners of the apartment (a simple google search would have led Airbnb to learn that Medenwaldt enjoys "Live Sex Cams") and engaged in no reasonable or an inadequate investigation and vetting of the apartment before posting the property for rent upon its internet portal. Nor did Airbnb make a reasonable effort to ensure that Plaintiff was aware of the surveillance equipment placed around the apartment.

64. The use by Medenwaldt of a camera capable of spying on Plaintiff while staying in the apartment, particularly of spying on Plaintiff while Plaintiff was undressed, was entering and exiting the bedroom, and was in underwear is conduct that was extreme and outrageous.

65. Such failure to properly investigate and vet the apartment created a substantial probability of severe emotional distress to Plaintiff. After all, Plaintiff was subject to extreme and outrageous conduct during her stay at the apartment because Plaintiff was subjected to surreptitious video and audio surveillance.

66. As a direct and proximate result of Airbnb's breaches, Plaintiff has suffered damages including but not limited to humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages. Accordingly, Ms. Cunningham is entitled to the

maximum monetary damages and penalties available by law, as well as costs and reasonable attorney fees, the sum of which shall be determined by Jury Trial.

### COUNT IV
### Violation of New York General Business Law ("GBL") § 349
### (against Defendant Airbnb)

67. Plaintiff repeats and realleges every allegation set forth above as though fully set forth herein.

68. In marketing its services to consumers, Airbnb makes several false and misleading statements. For example, Airbnb guarantees that "[customers' safety] is [their] priority." As such, Airbnb promises that it is "always working to make sure that [the community standards are] upheld and enforced."

69. Regarding booking a home, Airbnb established comprehensive booking guidelines through its "Community Standards." As such, Airbnb promises that "[e]very Airbnb reservation is scored for risk before it's confirmed," thus, "flag[ing] and investigat[ing] suspicious activity before it happens." In addition, Airbnb promises to highlight any such recording device on the listing for each of its properties and make sure that the renter is aware of any such recording device when booking.

70. Airbnb creates the impression amongst reasonable consumers that the properties available for rent on its portal have been determined to be safe and to comply with the rules and regulations applicable to the best hotels. Airbnb knowingly and intentionally makes these claims and promises to entice consumers to rent properties through its internet portal.

71. Relying on Airbnb's claims and promises, Plaintiff booked the apartment through the Airbnb portal.

72. In the Apartment, Plaintiff was exposed to surreptitious recording in a location in which Plaintiff possessed a reasonable expectation of privacy, violating New York State and federal law.

73. On information and belief, Airbnb did not carefully vet the apartment, nor did it provide Plaintiff with accurate information regarding the presence of video and audio recording devices in the apartment. As such, Airbnb's claims are false and misleading, and Airbnb engaged in and continues to engage in deceptive acts and practices. On information and belief, Airbnb rented the Apartment to Plaintiff despite knowing that it had not carefully vetted the apartment.

74. Airbnb has violated and continues to violate GBL § 349, which makes deceptive acts and practices unlawful. As a direct and proximate result of Airbnb's violation of GBL § 349, as described above, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to the expenditure of reasonable attorneys' fees.

### COUNT V
### Intentional Infliction of Emotional Distress
### (against Defendant Medenwaldt)

75. Plaintiff repeats and realleges every allegation set forth above as though fully set forth herein.
76. The use by Medenwaldt of a camera capable of spying on Plaintiff while staying in the apartment, particularly of spying on Plaintiff while Plaintiff was undressed, was entering and exiting the bedroom, and was in underwear is conduct that was extreme and outrageous.
77. The utilization by Medenwaldt of a camera capable of capturing video imagery of Plaintiff, as well as the capacity to intercept Plaintiff's oral communications, demonstrates an intention to cause emotional distress to Plaintiff. As stated above, Mendenwaldt has an infatuation with live sex cameras, which would explain his intention behind placing this recording device in his illegally rented apartment.
78. As a result of Medenwaldt's actions, Plaintiff suffered severe emotional distress.
79. As a proximate and direct cause of Medenwaldt's conduct, Plaintiff has suffered special damages to be proven at the time of trial.
80. As a proximate and direct result of Medenwaldt's outrageous conduct, Plaintiff has suffered general damages, including, but not limited to, humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages to be proven at the time of trial. As a direct and proximate result of Mendenwaldt's breaches, Plaintiff has suffered damages including but not limited to humiliation, shock, embarrassment, intimidation, physical distress and injury, fear, stress, and other damages. Accordingly, Ms. Cunningham is entitled to the maximum monetary damages and penalties available by law, as well as costs and reasonable attorney fees, the sum of which shall be determined by Jury Trial.
81. Upon information and belief, Plaintiff alleges that Medenwaldt committed the acts delineated herein maliciously and oppressively in conscious disregard for Plaintiff's rights.
82. Moreover, Plaintiff alleges that Medenwaldt's actions involve a high degree of moral culpability and that Medenwaldt and others must be deterred from engaging in similar conduct

11

in the future. As such, Plaintiff is entitled to recover punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Cunningham respectfully requests that this Court enter judgment against Defendants by:

a) Award Ms. Cunningham compensatory and punitive damages that stem from Defendants' violation of GBL § 349;

b) Declaring that Defendants' violations GBL § 349 were willful as to Ms. Cunningham;

c) Award Ms. Cunningham the value of all compensation and benefits she lost and will lose in the future as a result of Defendants' unlawful conduct that violated GBL § 349;

d) Award Ms. Cunningham compensatory and punitive damages that stem from Defendants violated GBL § 349;

e) Award Ms. Cunningham prejudgment interest and attorneys' fees, costs, and disbursements, as provided by law;

f) Providing that if any amounts remain unpaid upon the expiration of ninety (90) days following issuance of the judgment or ninety (90) days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen (15%) percent; and

g) All such other and further relief as the Court deems proper.

## JURY DEMAND

Ms. Cunningham demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

June 15, 2021

By:  Tyrone A. Blackburn, Esq.

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
Attorney for Plaintiff's
1242 E. 80th Street, 3rd Floor
Brooklyn, New York 11236
Telephone: (347) 342-7432