UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
NEW YORK

|  |  |
|---|---|
| Shamona Alexandra Cunningham, | Case No. 1:21-cv-03391 WFK-VMS |
| Plaintiff, | DEFENDANT'S ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIM AND JURY DEMAND |
| v. |  |
| Brian Medenwaldt, |  |
| Defendant. |  |

Defendant, Brian Medenwaldt ("Medenwaldt" or "Defendant"), by and through his attorneys, Singh & Rani, LLP, provide the following answer to the complaint of Plaintiff, Shamona Alexandra Cunningham ("Plaintiff"), as follows:

## NATURE OF THE ACTION

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 1.

2. Defendant admits that Plaintiff who booked an apartment owned by Defendant. Defendant denies the remaining allegations asserted in paragraph 2.

3. Defendant denies the allegations asserted in paragraph 3.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 4.

5. Defendant denies the allegations asserted in paragraph 5.

## JURISDICTION AND VENUE

6. Defendant denies the allegations asserted in paragraph 6.

7. Defendant denies the allegations asserted in paragraph 7.

8. Defendant denies the allegations asserted in paragraph 8.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 9.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 10.

11. Defendant admits the allegations asserted in paragraph 11.

## FACTUAL ALLEGATIONS
### AIRBNB's Promises

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 12.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 13.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 14.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 15.

### Brian Medenwaldt Enjoys Sex Cams

16. Defendant denies the allegations asserted in paragraph 16.

17. Defendant denies the allegations asserted in paragraph 17.

18. Defendant denies the allegations asserted in paragraph 18.

### The Booking

19. Defendant admits the allegations asserted in paragraph 19.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 20.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 21.

22. Defendant denies the allegations asserted in paragraph 22, and refer all questions of law to the trier of fact at the trial of this action.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 23.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 24.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 25.

26. Defendant denies the allegations asserted in paragraph 26.

**The Stay**

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 27.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 28.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 29.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 30.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 31.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of

the allegations asserted in paragraph 32.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 33.

34. Defendant denies the allegations asserted in paragraph 34, and refer all questions of law to the trier of fact at the trial of this action.

35. Defendant denies the allegations asserted in paragraph 35, and refer all questions of law to the trier of fact at the trial of this action.

36. Defendant denies the allegations asserted in paragraph 36, and refer all questions of law to the trier of fact at the trial of this action.

37. Defendant denies the allegations asserted in paragraph 37.

38. Defendant denies the allegations asserted in paragraph 38.

## Defendants' Response

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 39.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 40.

## Count 1 (Negligence against AirBnb)

41. Defendant denies the allegations asserted in paragraph 41.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 42.

43. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 43.

44. Defendant denies knowledge or information sufficient to form a belief as to the truth of

the allegations asserted in paragraph 44.

45. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 45.

46. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 46.

47. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 47.

48. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 48.

49. Defendant denies the allegations asserted in paragraph 49, and refer all questions of law to the trier of fact at the trial of this action.

**Count II (Negligence Infliction of Emotional Distress against AirBnB)**

50. Defendant denies the allegations asserted in paragraph 50.

51. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 51.

52. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 52.

53. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 53.

54. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 54.

55. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 55.

56. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 56.

57. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 57.

58. Defendant denies the allegations asserted in paragraph 58, and refer all questions of law to the trier of fact at the trial of this action.

### Count III (Reckless Infliction of Emotional Distress against AirBnB)

59. Defendant denies the allegations asserted in paragraph 59.

60. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 60.

61. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 61.

62. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 62.

63. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 63.

64. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 64.

65. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 65.

66. Defendant denies the allegations asserted in paragraph 66, and refer all questions of law to the trier of fact at the trial of this action.

**Count IV (Violation of New York General Business Law § 349 against AirBnB)**

67. Defendant denies the allegations asserted in paragraph 67.

68. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 68.

69. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 69.

70. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 70.

71. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 71.

72. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 72.

73. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 73.

74. Defendant denies the allegations asserted in paragraph 74, and refer all questions of law to the trier of fact at the trial of this action.

**Count V (Intentional Infliction of Emotional Distress against Defendant Medenwaldt)**

75. Defendant denies the allegations asserted in paragraph 75.

76. Defendant denies the allegations asserted in paragraph 76.

77. Defendant denies the allegations asserted in paragraph 77.

78. Defendant denies the allegations asserted in paragraph 78.

79. Defendant denies the allegations asserted in paragraph 79.

80. Defendant denies the allegations asserted in paragraph 80.

81. Defendant denies the allegations asserted in paragraph 81.

82. Defendant denies the allegations asserted in paragraph 82.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint, with prejudice, together with costs, fees, disbursements, expenses and attorneys' fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint and claims for relief are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

The Complaint and claims for relief are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Defendant acted in accordance with all contractual terms and conditions set forth in the Guest Reservation Agreement and Accommodation Agreement.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claimed damages and claims for relief are barred by the express terms of the Guest Reservation Agreement and Accommodation Agreement.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and damages are barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any consequential damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages.

## TENTH AFFIRMATIVE DEFENSE

No private cause of action exists under GBL § 395-b.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant did not violate GBL § 395-b as a matter of law.

## TWELFTH AFFIRMATIVE DEFENSE

No private cause of action exists under 18 U.S.C. § 2511.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot sustain an action under 18 U.S.C. § 2511 because Plaintiff was never recorded.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a declaration from the Court, as she has an adequate remedy at law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's equitable claims fail as a matter of law as Plaintiff has an adequate remedy at law.

## COUNTERCLAIM

Defendant as to his counterclaim against Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. Federal courts have subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1332(a)(2) because it is a civil action between citizens of a state and citizens or subjects of a foreign state, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the counterclaims are so related to the claim in the original action that they form part of the same case or controversy under the Article III of the United States Constitution, and arise out of common facts, transactions or occurrences as provided under Fed. R. Civ. P. Rules 13 and 20. Alternatively, the counterclaims constitute permissive counterclaims under Fed. R.

Civ. P. Rule 13(b).

## PARTIES AND FACTUAL HISTORY

2. Upon information and belief, Plaintiff Cunningham is a natural person with a home located in the state of Virginia.

3. Defendant Brian Medenwaldt is a natural person with a home address at 193 Quincy Street, Apt 3F Brooklyn, NY 11216.

4. Plaintiff without any basis in truth claimed in a post seen by hundreds of people that Defendant captured her on video for improper purposes.

5. Plaintiff's Instagram post dated October 28, 2020 is highly inflammatory and falsely suggests, without any evidence that Defendant used the footage for a nefarious purpose.

6. Along with blog articles and tags on the posts to Defendant's previous employer has unjustifiably smeared Defendant's reputation.

7. Defendant had no choice but to shut down all of his social media along with his Linkedin account. This negative publicity and the inability to utilize LinkedIn has negatively impacted his ability to find employment.

## FIRST COUNTERCLAIM (Defamation against Plaintiff)

8. Plaintiff's Instagram post was defamatory in that it had a tendency to expose Defendant to public hatred, contempt, ridicule and disgrace.

9. The Instagram post was published and broadcast through the Instagram Network to over thousand followers. The number of times the post was rebroadcast is unknown.

10. The post was false and highly suggestive of Defendant's alleged conduct.

11. When Plaintiff sent the post, she knew that it was false or acted in reckless disregard of the truth or falsity of it.

12. As a direct and proximate result of all of the foregoing, Defendant has been damaged in an amount that is not as yet fully ascertained, but which Defendant believes exceeds $2,000,000, according to proof at trial, including the following:

    (a)    Damage to his reputation, standing in the community and good will; and

    (b)    Mental distress to Defendant.

13. Defendant is informed and believes, and alleges thereon, that in engaging in the conduct described above, Plaintiff acted with oppression, fraud and/or malice. The conduct of Plaintiff has been despicable and undertaken in conscious disregard of Defendant's rights. Accordingly, Defendant is entitled to an award of punitive damages against Plaintiff in an amount sufficient to punish and make an example of her according to proof.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury on all claims so triable.

Dated: August 23, 2021

                        SINGH & RANI, LLP

                        ___/s/ Bikram Singh___
                        By: Bikram Singh
                        Attorneys for Defendant Medenwaldt
                        5 Penn Plaza, 23rd Floor
                        New York, NY 10001
                        Telephone: (212) 729-6920